LAW OFFICES OF CHRISTIAN J. GARRIS
CHRISTIAN J. GARRIS  SBN 175808
633 West Fifth Street, 28th Floor
Los Angeles, California 90071
Telephone: (213) 624-2900
Facsimile: (213) 624-2901
Email: cjg@christiangarris.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VARTOUHY KHAJERIAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV18-01281<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF PLAN (RECOVERY OF PLAN BENEFITS)** |

1. Plaintiff VARTOUHY KHAJERIAN ("Plaintiff") complains and alleges:

## **INTRODUCTORY ALLEGATIONS**

2. This Court's jurisdiction is invoked pursuant to 29 U.S.C. § 1132(e). Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Alternatively, Plaintiff's claims arise in part under ERISA and in part under state law claims falling within the pendent or supplemental jurisdiction of this Court, deriving from a common nucleus of operative facts.

Complaint

3. Venue is properly within the Central District of California pursuant to 29 U.S.C. § 1132(e)(2), because the acts complained of have occurred within this District, because Defendant resides in or may be found within this district, and because the ends of justice so require.

4. This action seeks damages for the denial of disability benefits under a group disability policy ("the Plan") established by Plaintiff's employer, Citigroup, Inc., ("Citigroup"), and funded and administered by Defendant Metropolitan Life Insurance Company ("MetLife").

5. Plaintiff seeks benefits, attorneys' fees and costs, interest, and other appropriate relief for the improper, erroneous and illegal denial of disability benefits owed to Plaintiff, a participant and beneficiary of the Plan.

## THE PARTIES AND THEIR RELATIONSHIPS

6. Plaintiff is, and at all times herein mentioned was, a resident and citizen of the State of California, County of Los Angeles. At all relevant times, Plaintiff was a participant and beneficiary of the Plan.

7. At all relevant times, the Plan was a group benefit plan that provided Plaintiff with protection against the risk of disability. Plaintiff was an employee of Citigroup and was enrolled at all relevant times in the Plan.

8. The Plan that is the subject of this action is and was an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) sponsored by and established by Citigroup for the purpose of providing peace of mind and security to its participants in the event that, among other things, a participant or beneficiary of the Plan should suffer disability.

9. Metropolitan Life Insurance Company is an insurance company authorized and licensed to conduct, and is indeed conducting, the business of insurance in the State of California. Plaintiff is informed and believes, and thereon alleges, that MetLife is a corporation domiciled in the State of New York.

— 2 —
**Complaint**

## FIRST CAUSE OF ACTION

## FOR BREACH OF PLAN AND RECOVERY OF PLAN BENEFITS

### (Against All Defendants)

10. The allegations contained in all previous paragraphs are incorporated herein by reference as though set forth in full.

11. The disability Plan established by Citigroup was funded and administered by MetLife, Group Policy Number 1137000-2-G.

12. Plaintiff paid all premiums due for the disability coverage under the Plan.

13. The Plan provides both short-term disability ("STD") and long-term disability ("LTD") benefits.

14. The LTD elimination period is 13 weeks, which is the maximum duration of the STD period.

15. Plaintiff is informed and believes and thereon alleges that the LTD benefits are due after 13 weeks of disability.

16. Plaintiff is informed and believes and thereon alleges that the LTD benefits are 60% of pre-disability income.

17. LTD benefits are payable until age 65.

18. Plaintiff worked as a personal banker at Citibank. Her job requires a great deal of mental acuity.

19. Plaintiff's annual pre-disability income was $95,323.17.

20. On or about February 1, 2017, Ms. Khajerian was seen by Nabil Feghali, M.D., who wrote that Ms. Khajerian was suffering from fatigue, plain, shortness of breath, anxiety, and burning pain in her neck and back.

21. On or about March 1, 2017, Ms. Khajerian was seen by Dr. Feghali with the same conditions as seen on the February 1, 2017, visit.

22. On or about March 10, 2017, Dr. Feghali examined Ms. Khajerian and

found her to be suffering from chronic pain conditions, anxiety, osteoporosis, dizziness, and giddiness.

23. On or about April 7, 2017, MetLife denied the claim, stating that there is not any "clear evidence of significant ongoing impairments" despite all of the medical evidence submitted to the contrary. MetLife did not rebut the conclusions of any of the doctors that had actually observed Ms. Khajerian and had determined that she was not able to work.

24. On or about April 5, 2017, Dr. Feghali examined Ms. Khajerian and wrote that she was suffering from fatigue, pain, anxiety, and bilateral shoulder pain.

25. On or about May 11, 2017, Fawzy Basta, M.D., wrote that Ms. Khajerian had been diagnosed with diabetes mellitus, major depression severe, and anxiety disorder. Dr. Basta certified that Ms. Khajerian has been totally disabled since December 22, 2016, and that she was "unable to function."

26. On or about June 19, 2017, Philip Conwisar, M.D., conducted a series of tests on Ms. Khajerian and reached the conclusion that she was totally disabled based on his objective findings and the following diagnoses:

1. CERVICOTHORACIC SPINE MYOFASCIAL SPRAIN / STRAIN.
2. LUMBAR SPINE MYOFASCIAL SPRAIN / STRAIN.
3. REPETITIVE STRESS INJURY, BILATERAL UPPER EXTREMITIES.
4. FIBROMYALGIA, BY HISTORY.
5. STRESS, ANXIETY AND DEPRESSION, BY HISTORY.

27. On or about September 28, 2017, Dr. Feghali wrote that Ms. Khajerian was disabled from any occupation "due to fibromyalgia, cervicalgia, and lumbar disc disease."

28. On or about August 10, 2017, Dr. Basta wrote that Ms. Khajerian had been diagnosed with diabetes mellitus, major depression severe, and anxiety

disorder. Dr. Basta certified that Ms. Khajerian was totally disabled.

29. On or about October 3, 2017, Plaintiff appealed the denial of her claim to MetLife and submitted 85 pages of documents. Under 29 CFR § 2560.503-1(i)(3)(i), MetLife then had 45 days (November 17, 2017) to make a determination on the appeal.

30. On November 10, 2017, MetLife requested an additional 45 days to consider the appeal as is permitted under 29 CFR § 2560.503-1(i)(3)(i),

31. On or about December 27, 2017, MetLife wrote to Plaintiff that it was rejecting her appeal.

32. The Plan required payment of benefits within the jurisdiction of the above-entitled Court for a total amount to be shown at the time of trial.

33. The Plan was entered into within the jurisdiction of the above-entitled Court.

34. Plaintiff has pursued and exhausted all administrative appeals, which the Plan and Defendants denied.

35. Defendants have paid no STD or LTD benefits to Plaintiff.

36. As a direct and proximate result of Defendant's refusal to honor the terms of the Plan, Plaintiff has suffered contractual damages under the and other incidental damages and out-of-pocket expenses, including attorney fees and costs, all in a sum to be determined at the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For benefits payable under the Plan to reimburse Plaintiff, a beneficiary and participant of the Plan, less amounts previously paid, plus interest;

2. For reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1);

3. For pre-judgment interest at the appropriate rate; and

4. For such other relief as the court deems appropriate.

Dated: February 16, 2018

LAW OFFICES OF CHRISTIAN J. GARRIS

By: _____
Christian J. Garris, Esq.

Attorneys for Plaintiff

**Complaint**